UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| LESLIE BANADOS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 23-037-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| ALTO-SHAAM, INC., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Defendant Alto-Shaam, Inc. has filed a motion to dismiss as untimely Plaintiff Leslie Banados' Complaint under Title VII of the Civil Rights Act. However, at this stage of the proceedings, the Court must accept as true the plaintiff's allegation that she did not receive a right-to-sue letter until December 9, 2022. Her Complaint was filed within 90 days of that date, so the defendant's motion to dismiss will be denied.

I.

Alto-Shaam, Inc. ("ASI") hired Leslie Banados ("Banados") in January 2016 as its Vice President of National Accounts for Food Service. Banados received positive performance reviews throughout her employment and received a substantial raise as recently as January 2022. In late 2021, Banados participated in a group text conversation in which several ASI employees complained about work issues and purportedly joked about how they might leave ASI after they received their gain share bonuses. An ASI Board member who was the daughter of ASI's owner was "[o]n a similar and related thread with Banados and a male employee." The member took the complaints to ASI under the guise of trying to assist with the situation.

Banados was called to a meeting with her supervisor and a representative from ASI's human resources ("HR") department in January 2022. She was advised that the meeting was a follow-up on her recent performance evaluation, and was asked about the group text. Banados stated that the participants had been joking about leaving ASI. Banados then raised complaints with the HR representative concerning being passed over for promotions. However, she assured the HR representative that she wanted to move forward with her career at ASI.

ASI terminated Banados' employment on January 26, 2022. The reasons given for her termination were her participation in the text thread and that ASI did not like how she had responded to questions concerning the text. According to Banados, neither of the similarly-situated males who participated in the text conversation (including the male who initiated it) were terminated. Banados filed a Complaint in the Garrard Circuit Court on April 19, 2022, alleging claims of gender discrimination under the Kentucky Civil Rights Act ("KCRA").

ASI removed the action to this Court on May 15, 2022, based on diversity jurisdiction. *See Banados v. Alto-Shaam, Inc.*, Lexington Civil Action No. 5: 22-125-DCR. Shortly thereafter, ASI filed a motion to dismiss on the grounds that ASI is not a covered employer within the meaning of the KCRA. *See* K.R.S. § 344.030(2). Banados conceded that ASI only employed one individual within Kentucky and, therefore, was not an "employer" as defined under the KCRA. She asked the Court to hold the matter in abeyance so that she could seek a right to sue letter from the EEOC and amend her Complaint to add discrimination claims under Title VII of the Civil Rights Act. *See* 42 U.S.C. § 2000e-2(a)(1). But Banados' request was denied and her Complaint was dismissed.

Banados filed a new Complaint based on the same set of underlying facts. This time, however, she brings her gender discrimination claim under Title VII rather than the KCRA. Banados alleges that she timely raised her complaints with the EEOC by filing a Charge of Discrimination and that she has received a right to sue letter.

ASI moved to dismiss the instant Complaint, arguing that Banados did not file it within 90 days of issuance of the EEOC's Notice of Right to Sue as required by 42 U.S.C. § 2000e-5(f)(1). Banados argues in response that her Complaint was filed timely because the 90-day limitations period did not begin to run until she received the right-to-sue letter on December 9, 2022.

## II.

When evaluating a motion to dismiss under Rule 12(b)(6), the court must determine whether the complaint alleges "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). While a complaint need not contain detailed factual allegations, a plaintiff must provide more than mere labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

While the Court generally is limited to the pleadings, it may consider exhibits attached to the complaint, public records, items in the record and exhibits attached to the motion to dismiss, as long as they are referred to in the complaint and are central to the plaintiff's claims. *Rondigo, LLC v. Twp. of Richmond*, 641 F.3d 673, 681 (6th Cir. 2011) (citing *Bassett v. Nat'l*

*Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). The Court construes the complaint in the light most favorable to the plaintiff and draw all reasonable inferences in the her favor. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

### III.

Title VII of the Civil Rights Act of 1964 makes it unlawful for an employer to discriminate against an employee based on sex. 42 U.S.C. § 2000e-2. However, before bringing suit under Title VII, a claimant must exhaust her administrative remedies by filing a charge of discrimination with the EEOC and obtaining a right to sue letter. *Peeples v. City of Detroit*, 891 F.3d 622, 630 (6th Cir. 2018). The claimant must bring suit within 90 days of receipt of a right to sue letter or the right to sue is lost. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 557 (6th Cir. 2000) (citing 42 U.S.C. § 2000e-5(f)(1)). And federal courts strictly enforce the 90-day limit. *Id.*

ASI has attached a copy of Banados' right to sue letter issued by the EEOC, dated August 15, 2022. [Record No. 11-7] There is a presumption that notice is given and, therefore, the 90-day limitation period begins running, on the fifth day following the EEOC's mailing of a right to sue notification to the claimant's record residential address. *Graham-Humphreys,* 209 F.3d at 557. A plaintiff can rebut that presumption with proof that she did not receive notification within that period. *Id.* Presumably aware of this rule, Banados affirmatively pleaded facts in an attempt to rebut the presumption that she received notification within five days of the date stated on the right to sue letter.

Banados contends that she has never personally received a right to sue letter from the EEOC; instead, she first received a right to sue letter through her attorney on December 9, 2022. The plaintiff further alleges that prior to her attorney's receipt of the notice on December

9, 2022, "Banados regularly checked her portal with the EEOC to see if a right to sue letter had been issued. She never received any communication, e-mail, or notification from the EEOC that the right to sue letter was issue by the EEOC at any time prior to her counsel's receipt of the right to sue letter on December 9, 2022." Banados also claims that the Director of the EEOC's Louisville Area Office advised her that she had 90 days from December 9, 2022, in which to commence her Title VII suit.

ASI has submitted the EEOC User's Guide Volumes 4 and 5 as attachments to its motion to dismiss. [Record Nos. 11-4, 11-5] It suggests that if Banados had simply followed these "clear, step-by-step instructions for . . . how to check the status of a charge online . . . she would have seen the standard message that her charge was closed, that she was advised to immediately download and save her Notice of Right to Sue, and that she had 90 days to file suit." However, Banados contends that she *did* regularly check the EEOC portal to see if a right to sue letter had been issued and that, "for her, the portal was not operating correctly."

The Court accepts the plaintiff's well pleaded allegations as true at the motion to dismiss stage and resolve ambiguities in the plaintiff's favor. Statute of limitations and exhaustion issues are amenable to resolution on a motion to dismiss only "if a plaintiff affirmatively pleads [herself] out of court." *Rembisz v. Lew*, 590 F. App'x 501, 504 (6th Cir. 2014). However, [w]hen a complaint alleges a late date of receipt, or non-receipt, for purposes of a Rule 12(b)(6) motion, a court must accept that allegation as true and must then deny a defendant's motion to dismiss for timeliness." *Id.* See also *Anderson v. Safety Wear Inc.*, 2022 WL 722194, at *3 (E.D. Mich. Mar. 9, 2022) (finding 12(b)(6) dismissal inappropriate where complaint alleged that plaintiff received right-to-sue letter within 90 days of filing lawsuit).

The defendant's argument may be reevaluated at a later time, but "presenting evidence is one of the obligations imposed under Rule 56, not Rule 12, of the Federal Rules of Civil Procedure." *Rembisz*, 590 F. App'x at 504. Accordingly, it is hereby

**ORDERED** that the defendant's motion to dismiss [Record No. 11] is **DENIED**.

Dated: March 14, 2023.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky